# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re<br><br>ALDRICH PUMP LLC, et al.,<br><br>　　　　　　　　　Debtors | Case No.: 22-cv-5116-MAS-TJB<br><br>Underlying Case No.: 20-30608 (JCW) (United States Bankruptcy Court for the Western District of North Carolina)<br><br>Return Date: November 7, 2022<br><br>**ORAL ARGUMENT REQUESTED** |

## VERUS CLAIM SERVICES, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO DEBTORS' MOTION TO TRANSFER

**ANSELMI & CARVELLI, LLP**
56 Headquarters Plaza
West Tower, Fifth Floor
Morristown, New Jersey 07960
(973) 635-6300
*Attorneys for Verus Claims Services, LLC*

On the Brief:
Andrew E. Anselmi, Esq.
Zachary D. Wellbrock, Esq.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... iii

PRELIMINARY STATEMENT ............................................................................... 1

BACKGROUND AND PROCEDURAL HISTORY ................................................ 2

ARGUMENT ............................................................................................................. 2

    I.    LEGAL STANDARD: TRANSFER IS APPROPRIATE ONLY IN EXCEPTIONAL CIRCUMSTANCES. ........................................... 2

        A.    Rule 45 provides for the transfer of a motion to quash only in very limited circumstances. ............................................................ 2

        B.    Debtors misapply this standard. ................................................... 3

    II.    THERE ARE NO EXCEPTIONAL CIRCUMSTANCES TO JUSTIFY TRANSFER. ............................................................................ 4

        A.    The circumstances of this case are not exceptional; rather, they are exactly what Rule 45 contemplates. ................................ 4

        B.    The prior orders of the Bankruptcy Court have no preclusive effect on Verus and do not constitute exceptional circumstances. ................................................................................ 5

        C.    The decision of the Third Circuit in *Bestwall* also has no preclusive effect on Verus and does not constitute exceptional circumstances. ............................................................. 6

    III.    THE INTERESTS OF VERUS OUTWEIGH ANY BASES FOR THE REQUESTED TRANSFER. ................................................................ 8

        A.    Verus has an interest in local resolution of its motion to quash because it has substantial ties to New Jersey. ..................... 8

        B.    Verus has an interest in having its motion to quash decided in accordance with the law and public policy New Jersey, which protects Verus's sensitive commercial information. .......... 9

  C. Verus has an interest in local resolution because the Bankruptcy Court has already demonstrated a willingness to disregard the confidentiality of the Matching Claimants' data......................................................................................10

IV. THERE IS NO RISK OF INCONSISTENT RULINGS BECAUSE VERUS AND ITS INTERESTS ARE NOT BEFORE ANY OTHER COURT. ......................................................11

V. TRANSFER WOULD NOT PROMOTE JUDICIAL ECONOMY. ...............................................................................13

CONCLUSION .................................................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*In re Bestwall LLC*,
   No. 21-2263, 2022 U.S. App. LEXIS 23685 (3d Cir. Aug. 24, 2022) ............. 6, 7

*In re SBN Fog Cap II LLC*,
   562 B.R. 771 (Bankr. D. Colo. 2016) ............................................................. 4, 5

**Statutes**

N.J.S.A. §§ 56:15-1 et seq. ..................................................................................... 9

**Rules**

Fed. R. Civ. P. 45 ........................................................................................... *passim*

Fed. R. Bankr. P. 2004 ............................................................................................ 7

## PRELIMINARY STATEMENT

Non-party Verus Claims Services, LLC ("Verus"), respectfully submits this memorandum of law in opposition to the motion submitted by Debtors Aldrich Pump, LLC and Murray Boiler, LLC (collectively, the "Debtors") seeking a transfer of pending motions to quash from this Court to the United States Bankruptcy Court for the Western District of North Carolina.

Although Debtors cite the "extraordinary circumstances" of this case, there is nothing extraordinary about it. The posture of this case – including a motion to quash pending in one district while the underlying matter pends in another – is exactly what Rule 45 intends. The Subpoena was served on Verus in New Jersey and Verus's motion to quash was filed in New Jersey, as is required by the Rules.

Verus does not operate in North Carolina and has never participated in any of the North Carolina proceedings. Because Verus was not involved in any prior proceedings in the underlying action, there are no prior orders with preclusive effect as to Verus, and no risk of inconsistent results. Nor is there added efficiency or "judicial economy" to be had by transferring the motions to North Carolina.

Verus is a New Jersey company with trade secrets protected by New Jersey law. The Bankruptcy Court, in contrast, has already demonstrated that it will not protect the confidential claimant data at issue. Verus's interests in local resolution of its motion far outweigh the interests of Debtors in transferring the matter.

1

## BACKGROUND AND PROCEDURAL HISTORY

In the interest of efficiency and for the convenience of the Court, Verus refers to and hereby incorporates by reference the Factual Background and Procedural History set forth in the August 19, 2022 memorandum of law submitted by the Trusts in support of their motion to quash and the Trusts' October 3, 2022 opposition to the Debtors' transfer motion. *See* Memorandum of Law in Support of Third-Party Asbestos Trusts' Motion to Quash Subpoenas and in Support of Stay (ECF Doc. No. 1-1), 5-14; Memorandum of Law in Opposition to Debtors' Motion to Transfer (ECF Doc. No. 29). All capitalized terms not otherwise defined herein have the same meaning as in the Trusts' memoranda of law.

Following the submissions of motions to quash by the Trusts, Verus, and Certain Matching Claimants, the Debtors filed a Motion to Transfer Subpoena-Related Motions to the Issuing Court, the United States Bankruptcy Court for the Western District of North Carolina (ECF Doc. No. 20) on September 9, 2022.

## ARGUMENT

**I.   LEGAL STANDARD: TRANSFER IS APPROPRIATE ONLY IN EXCEPTIONAL CIRCUMSTANCES.**

 **A.   Rule 45 provides for the transfer of a motion to quash only in very limited circumstances.**

Debtors appropriately cite Rule 45(f) for the standard governing the motion to transfer. That rule provides that a transfer is appropriate only where "the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

A critical part of the Court's analysis, then, is determining what constitutes "exceptional circumstances" under Rule 45(f). The Rule itself does not define this term. Although Debtors appropriately cite to comments of the Federal Rules Advisory Committee, they focus on the exception rather than the norm:

> ***The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions***. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f) advisory note (2013 amendments) (emphasis added).

This advisory comment provides the Court with the governing principles necessary to decide this motion. First, the burden imposed upon the local nonparty (here, Verus) is the "prime concern." Second, although it is possible that a transfer sometimes "may be warranted," that will only be the case in limited circumstances. The inescapable import of the Rule and the advisory comment is that courts must not grant motions to transfer routinely. Indeed, the presumption (if any) is against transfer and in favor of "local resolution."

### B. Debtors misapply this standard.

As described below, Debtors invert these principles when they apply them to the matter before the Court. Debtors minimize the "prime concern" – that is, the

3

burden to Verus – and lump Verus's unique interests in with various other parties who are not similarly situated. Debtors also perform the analysis in reverse, treating transfer – which should be granted only in exceptional circumstances – as a *fait accompli* from square one. Along the way, Debtors ignore the very framework of Rule 45 by citing purported "exceptional circumstances" that are in fact wholly unremarkable. Transfer is not, as Debtors appear to presume, theirs for the asking.

## II. THERE ARE NO EXCEPTIONAL CIRCUMSTANCES TO JUSTIFY TRANSFER.

### A. The circumstances of this case are not exceptional; rather, they are exactly what Rule 45 contemplates.

Here, exceptional circumstances – which are the only basis for transferring under Rule 45(f) – simply are not present. The things identified by Debtors as "exceptional" are actually quite mundane.

For example, there is nothing exceptional about a subpoena being issued in one district while the underlying action, already in progress, remains pending before a different court in another district. That is, in fact, exactly what Rule 45 contemplates. The nonparty bringing a motion to quash in the district where it resides is also unremarkable. *See In re SBN Fog Cap II LLC*, 562 B.R. 771, 774-75 (Bankr. D. Colo. 2016) (explaining how the 2013 amendments to Rule 45 "clarifie[d] the separate roles of the 'issuing court' and the 'compliance court.'").

Also not extraordinary is the notion that the compliance court may reach a different conclusion than what the issuing court might have decided had the motion to quash been made there. The fact that one court may be more or less likely to provide a particular outcome than another court is inherent in the task of forum selection. It is not extraordinary.

> B. **The prior orders of the Bankruptcy Court have no preclusive effect on Verus and do not constitute exceptional circumstances.**

Debtors place great weight on the existence of a prior order of the Bankruptcy Court authorizing the issuance of the Subpoena. Debtors apparently hope that their vague reference to the Bankruptcy Court Order will cause this Court to assume that the Bankruptcy Court decided more than it actually did.

For example, Debtors argue that "[t]he Subpoenas here were issued after the Bankruptcy Court Order was issued, which came only after the Debtors filed the Bankruptcy Court Motion, multiple parties [*none* of which were Verus] opposed that motion, and the objections were fully litigated before the Bankruptcy Court." *See* Debtors' Aldrich Pump LLC and Murray Boiler LLC'S Memorandum of Law in Support of Their Motion to Transfer (ECF Doc. No. 20-1, the "Debtors Br."), 13. Debtors add that "the Bankruptcy Court had previously overruled similar objections to a nearly identical subpoena" in yet another case – in which Verus was also not a participant. *Id.*

Debtors' omnibus argument paints every moving party with the same brush. However, the above is not relevant at all with respect to Verus. As explained below, Verus is uniquely situated and it has interests in local resolution separate and apart from those of the other moving parties.

Verus never appeared before the Bankruptcy Court (which does not have jurisdiction over Verus). It never opposed Debtors' Bankruptcy Court Motion. It certainly never "fully litigated" any of the issues raised in the motion to quash that it submitted to this Court. Nor were any of the concerns unique to Verus (or any "similar objections") overruled in the Bankruptcy Court.

### C. The decision of the Third Circuit in *Bestwall* also has no preclusive effect on Verus and does not constitute exceptional circumstances.

Debtors then cite the recent decision of the Third Circuit in *In re Bestwall LLC*, No. 21-2263, 2022 U.S. App. LEXIS 23685 (3d Cir. Aug. 24, 2022), affording far more weight to that decision than it actually warrants.

At one time it appeared that the Third Circuit's decision in *Bestwall* might clarify the issues before the Court in this matter. Indeed, Verus requested that this Court stay the motions until that appeal was decided. Ultimately, however, the Court of Appeals decided that case on procedural grounds (the doctrine of collateral estoppel) that are not applicable here.

Debtors state that "the *Bestwall* Bankruptcy Court had previously overruled objections to similar, albeit far more expansive, subpoenas in *Bestwall* – subpoenas

6

which the Third Circuit recently ruled are to be enforced on their terms." *Id.* Debtors argue that "the Third Circuit noted" that "'the drafters of Rule 45 contemplated exactly' the situation presented here, 'saying it may not be appropriate of the court asked to enforce a subpoena to resolve a motion to quash if the issuing court "has already ruled on issues presented by the motion."'" *Id.* at 14 (citing *Bestwall*, 2022 U.S. App. LEXIS 23685 at *21).

Critically, the Court of Appeals in *Bestwall* did not pass on the substantive merits of the motions to quash or the decision of the Bankruptcy Court in that case. Rather, the Court of Appeals found only that, as a procedural matter, "issue preclusion bars the [parties] from relitigating the Rule 2004 Motion" because they had already made their arguments to the Bankruptcy Court "and had come up short." *In re Bestwall*, 2022 U.S. App. LEXIS 23685 at *13. The Court of Appeals did not opine whether the Bankruptcy Court's decision was meritorious or not, only that it could not be relitigated by the same parties in a second proceeding.

Thus, the scenario described in the advisory comment is not even close to "exactly the situation presented here" (Debtors Br., 14). The Bankruptcy Court has not "already ruled on" any of the issues unique to Verus (which again, was not involved and did not participate in the proceedings before the Bankruptcy Court). There is no preclusive effect to bind Verus here and the fact that the Bankruptcy

7

Court has already ruled on the objections of one party does not create "exceptional circumstances" with respect to the different interests of a different party.

### III. THE INTERESTS OF VERUS OUTWEIGH ANY BASES FOR THE REQUESTED TRANSFER.

As noted above, on a motion to transfer, "[t]he prime concern should be avoiding burdens on local nonparties subject to subpoenas." Fed. R. Civ. P. 45(f) advisory note (2013 amendments). "Transfer is appropriate *only if*" the issues raised by the party seeking transfer "outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.* (emphasis added). Here, however, the interests of Verus of having its motion to quash decided in the District of New Jersey outweigh any concerns identified by Debtors.

#### A. Verus has an interest in local resolution of its motion to quash because it has substantial ties to New Jersey.

As described in Verus's motion to quash, Verus is a New Jersey limited liability company with its principal place of business located in Princeton, New Jersey. Its servers and database – along with the information stored therein that is the subject matter of the Debtors' Subpoena – are located in a colocation facility in Parsippany, New Jersey. *See* August 19, 2022 Declaration of Mark T. Eveland (ECF Doc. No. 5-2, the "Eveland Decl."), ¶ 2.

In light of these ties to this District, Verus has a strong interest in having its motion to quash resolved here – exactly as Rule 45 intends.

8

**B.  Verus has an interest in having its motion to quash decided in accordance with the law and public policy New Jersey, which protects Verus's sensitive commercial information.**

Further, in addition to the sensitive medical and financial information of the Matching Claimants and their dependents, the Subpoena also implicates Verus's own sensitive commercial information. These concerns are matters of important public policy in New Jersey, as reflected in New Jersey's Trade Secrets Act. *See* N.J.S.A. §§ 56:15-1 et seq.

Verus has created a proprietary web-based system to facilitate its claims administration responsibilities, including by significantly reducing turn-around time and ensuring timely and effective communications between parties to the claims process, giving Verus a competitive advantage in the market. *See* Eveland Decl., ¶ 6. Verus's computer software system and its trust databases are proprietary trade secrets that are vital to its business and extremely valuable. *Id.* Verus takes substantial measures to safeguard its software system and trust databases. *Id.* at ¶ 8.

Verus has invested a great deal of time, effort, and money into developing its proprietary algorithms. However, responding to the Subpoena will expose Verus's proprietary trade secrets to third parties and competitors. *Id.* at ¶ 7. Specifically, providing claimant data such as date of birth, date of death, occupations, jobsites, exposure dates, diagnosis dates, dependents, injury level, earnings information, name and SSN (to cite just a few examples) increases the likelihood that a competitor

9

like Bates White can potentially "reverse engineer" the data to recreate Verus's proprietary algorithms. *Id.*

This protected trade secret information provides an additional interest in Verus having its motion to quash resolved in this District.

### C. Verus has an interest in local resolution because the Bankruptcy Court has already demonstrated a willingness to disregard the confidentiality of the Matching Claimants' data.

Verus's substantial interests in having its motion to quash determined locally in this District are further cemented by the (undisputed) fact that Debtors and the Bankruptcy Court admit that they will not protect the Matching Claimants' confidential information. Unlike Debtors and the Bankruptcy Court, however, Verus is not so willing – or able – to disregard its obligations to safeguard that information.

Debtors write at length about the putative anonymization process provided in the Subpoena and the Bankruptcy Court's Order. *See* Aldrich Pump LLC and Murray Boiler LLC's Memorandum of Law in Opposition (ECF Doc. No. 28), 10. However, Debtors also admit that this anonymization is nothing but a smokescreen: "without a Matching Key that temporarily ***de-anonymizes*** the data, Trust Discovery is useless." *See id.* at 38 (emphasis added). In other words, Debtors can have anonymous data, or they can useful data, but they cannot possibly have both – so the anonymization must go.

Debtors have not offered a single word of explanation as to how the data, once "de-anonymized" can ever be *re-anonymized*. They have not explained how this can be done because it cannot be done. Once the data is "de-anonymized" it is "de-anonymized" forever. The "Matching Key" prepared by Bates White already contains the Matching Claimants' last names and SSNs. *See* Subpoena, ¶ 6. Once this information is linked to the corresponding data for each claimant, there is no meaningful way to ensure (or to even suggest) that it will ever be de-linked. The Bankruptcy Court has blessed the Subpoena, purportedly on the premise that it protects the data of the Matching Claimants through an anonymization procedure. But this premise is erroneous.

The fact that the Bankruptcy Court has accepted such a "de-anonymization" procedure demonstrates that it is not concerned with taking any concrete step to protecting claimant data. Accordingly, Verus interest in having its motion to quash resolved locally – and not in the Bankruptcy Court that is not amenable to protecting confidential data of non-parties – is insurmountable.

## IV. THERE IS NO RISK OF INCONSISTENT RULINGS BECAUSE VERUS AND ITS INTERESTS ARE NOT BEFORE ANY OTHER COURT.

Debtors argue that their motion to transfer should be granted in order "to [a]void the [r]isk of [i]nconsistent [r]ulings." Debtors Br., 14. Debtors state that inconsistent rulings are threatened here because "[t]he Bankruptcy Court already

11

considered the same arguments raised in the Motions to Quash" (*id.* at 15-16) and that "other recipients of subpoenas … have all recently filed motions in districts around the country." *Id.* at 16.

Again, Debtors' omnibus argument and broad language is misleading with respect to Verus. There is no risk at all of inconsistent rulings with respect to Verus because none of Verus's concerns have been litigated before. Verus was not a party to, and did not participate in, the Bankruptcy Court proceedings. The Bankruptcy Court never heard, considered, or decided any issues regarding the specific burdens and concerns of Verus. There is no risk that this Court's ruling on Verus's motion to quash – no matter what that ruling is – will be inconsistent with the ruling of any other court.

And, of course, none of the other subpoena recipients who are currently proceeding in other districts will be litigating the issues unique to Verus. So, regardless of how the various motions of these other recipients are decided, and regardless of whether their applications are transferred to North Carolina or not, there will be no inconsistent with the decision of this Court on Verus's motion to quash.

## V.   TRANSFER WOULD NOT PROMOTE JUDICIAL ECONOMY.

Last, Debtors argue that granting their transfer motion would promote "judicial economy." But what Debtors refer to as "judicial economy" appears to be nothing more than their belief that this Court will not understand the issues.

To be clear, Debtors do not argue that transferring one or more of the pending motions to North Carolina would reduce the aggregate judicial task. Nor would the requested transfer necessarily expedite the disposition of the pending motions. To the contrary, transfer would likely prolong the proceedings because the current November 7th return date for the motions to quash (which is also the return date for the transfer motion) would be replaced by a new return date for those motions before the North Carolina Bankruptcy Court in late 2022 or early 2023.

Instead, Debtors argue that "the Bankruptcy Court is particularly well-situated to resolve the Motions" because of "its familiarity with the record" and the "the complexity of the underlying suit." Debtors Br., 18. This is not a "judicial economy" argument at all. Rather, Debtors' argument appears to be premised on the implication that this Court is somehow incapable of deciding any issues relating to an underlying action pending elsewhere.

But again, this posture is nothing remarkable. The issuing court will always be more "familiar" with the underlying case than the compliance court. That is inherent in the framework of Rule 45. But "it should not be assumed that the issuing

13

court is in a superior position to resolve subpoena-related motions." Fed. R. Civ. P. 45(f) advisory note (2013 amendments) (emphasis added). And again, Debtors misconstrue the advisory comment. The note that "[j]udges in compliance districts may find it helpful to consult with the judge in the issuing court presiding over the underlying case while addressing subpoena-related motions" (*see* Debtors Br., 18) is a recommendation ***against*** transferring, not for it.

Moreover, the premise that "[l]itigating the merits of the Motions in this Court would require a careful, time-consuming review and analysis of the record before the Bankruptcy Court" (Debtors Br., 18) – misplaced as it is – has no application to Verus. With respect to Verus, there is no meaningful record before the Bankruptcy Court. Everything the Court needs to be familiar with is contained within the briefs submitted to this Court.

Thus, there is no "judicial economy" to be gained by transferring (and adjourning) the motions currently before this court.

## CONCLUSION

For the reasons set forth above, Verus respectfully submits that Debtors' Motion to Transfer should be denied.

Respectfully Submitted,

**ANSELMI & CARVELLI, LLP**
56 Headquarters Plaza
West Tower, Fifth Floor
Morristown, New Jersey 07960
973-635-6300
*Attorneys for Verus Claim Services, LLC*

By: _____
       Andrew E. Anselmi, Esq.

October 3, 2022